**EXHIBIT A**

SUMMONS IN A CIVIL ACTION  COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV06595951 | D1 CM | 8698132 |

Rule 4 (B) Ohio
Rules of Civil Procedure

served 7/20/06

## SUMMONS

DEREK R. PEARSON  **PLAINTIFF**
vs
UNIVERSITY HOSPITALS OF CLEVELAND, INC.  **DEFENDANT**

UNIVERSITY HOSPITALS OF CLEVELAND INC
11000 EUCLID AVE
CLEVELAND OH 44106-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

LANCE B JOHNSON
1944 EPPING RD

GATES MILLS, OH 44040-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

BRIDGET M MCCAFFERTY
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Jul 12, 2006 |

By _____
Deputy

COMPLAINT FILED 07/11/2006



LAW DEPARTMENT
JUL 2 0 2006
CLAIMS & LITIGATION

CMSN130

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| DEREK R. PEARSON<br>15502 Ridpath Avenue<br>Cleveland, OH 44110 | Judge: BRIDGET M MCCAFFERTY<br><br>CV 06 595951 |
| Plaintiff | Judge |
| Vs. | COMPLAINT |
| UNIVERSITY HOSPITALS OF<br>CLEVELAND, INC.<br>11000 Euclid Avenue<br>Cleveland, Ohio 44106 | |
| | JURY TRIAL DEMANDED |
| Defendant | |

## FACTS

1. Plaintiff is a resident of Cuyahoga County, Ohio.

2. Defendant is a health care institution and a major employer in Cuyahoga County, Ohio.

3. Plaintiff is an alcoholic.

4. Defendant knew Plaintiff was an alcoholic.

5. Alcoholism is a disability under The Americans with Disabilities Act of 1990, (Pub. L. 101-336) known as the "ADA".

6. Plaintiff was hired by Defendant as a full time employee on or about June 17, 2004 and was terminated by the Defendant on or about January 10, 2006.

1

5. Plaintiff's last position with Defendant was Patient Transportation.

6. On or about February 16, 2006, Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights Commission.

7. On April 17, 2006, the EEOC issued to Plaintiff a Notice of Suit Rights.

8. This action is filed under The Americans with Disabilities Act of 1990, (Pub. L. 101-336) known as the "ADA" to remedy Defendant's discrimination against the Plaintiff.

## COUNT I – Discrimination

9. For its Count I, Plaintiff incorporates the allegations set forth in Paragraphs 1 through 8. above.

10. The disability of the Plaintiff is alcoholism or alcohol dependence.

11. At no time during the events leading to Plaintiff's termination did the current use of alcohol adversely affect his job performance or conduct.

12. The fact of Plaintiff's disability is well known to the Defendant.

13. Plaintiff is a qualified individual with a disability.

14. Plaintiff's alcohol addiction is a physical impairment that substantially limits one or more of Plaintiff's major life activities.

15. Due to Plaintiff's alcohol addiction, Defendant regarded Plaintiff as having a physical impairment that substantially limits one or more of Plaintiff's major life activities.

16. With reasonable accommodation, Plaintiff could perform the essential functions of his employment with the Defendant.

17. Defendant failed and refused to make reasonable accommodation for the Plaintiff.

2

18. Defendant discriminated against Plaintiff in regard to his employment on the basis or his disability or because he was regarded by Defendant as being disabled.

19. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices.

Wherefore, Plaintiff demands judgment against Defendants for:

    a. lost pay since January 10, 2006 until his re-instatement;

    b. liquidated damages in an amount equal to the lost pay owed;

    c. reasonable attorneys fees; and

    d. the costs of this prosecuting this action.

## COUNT II – Willful Violations

20. For his Count II, Plaintiff incorporates the allegations set forth in Paragraphs 1 through 19 above.

21. Prior to January 2, 2006, Plaintiff was being treated for his alcoholism in an outpatient program approved by the Defendant.

22. During the period starting January 2, 2006, Plaintiff was ill and notified Defendant that he needed to take a short medical leave due to illness.

23. On January 3, 2006, Plaintiff again called in to report he was ill and talked with Sue in personnel who advised the Plaintiff that he was still in good standing.

24. On January 6, 2006, Plaintiff informed Steve Krall, Plaintiff's supervisor, that he needed an unpaid medical leave to enter an inpatient treatment program at the Salvation Army for his alcoholism.

25. On January 7, 2006, Steve Krall told the Plaintiff to go ahead and make the arrangements for an inpatient treatment program. Steve Krall further said not to return to

work until Plaintiff received the treatment needed. Steve Krall further said he would make sure the inpatient treatment center would receive the medical leave papers so they could be completed and returned to the employee health department.

26. On January 8, 2006, Plaintiff asked Steve Krall if he could return to work until the inpatient treatment was available. Steve Krall said no and further stated that the Plaintiff could not get into the Salvation Army inpatient treatment center.

27. On January 9, 2006, Plaintiff talked with Laurel Wood in the employee health department who advised Plaintiff that Defendant's medical insurance would not cover the inpatient treatment program. Plaintiff then tried to return to the outpatient treatment he was getting before his illness.

28. On January 9, 2006, Plaintiff advised Steve Krall that the inpatient treatment did not seem to be available to him and that he would return to the outpatient treatment program. Steve Krall approved this plan and said to take care of Plaintiff's health before returning to work.

29. Plaintiff contacted the outpatient treatment program on January 10, 2006 and was told he was not considered out of the program during the days he was ill. Plaintiff made an appointment to re-start attending on January 11, 2006.

30. Plaintiff then called Steve Krall to schedule his return to work but Steve Krall would not allow him to return.

31. Plaintiff then called Ms. Swan, his employee assistant who was responsible for Plaintiff's outpatient treatment program. Ms. Swan complained that Plaintiff had missed a urine test while he was ill and out of work.

32. Plaintiff then called Sue of personnel who refused to allow Plaintiff to return to work.

33. Later in the day on January 10, 2006, Steve Krall called Plaintiff and notified Plaintiff that he had been fired.

34. On January 11, 2006, Plaintiff went to his outpatient treatment appointment. Plaintiff also approached Sue of personnel to complain that the termination was unfair. Plaintiff requested forms to file a grievance but was not allowed by the personnel department to file a grievance. The personnel department told Plaintiff to go home and they would call. They never called.

35. Steve Krall acting on behalf of the Defendant intentionally violated Plaintiff's rights under the ADA or acted with reckless disregard for the rights of the Plaintiff.

Wherefore, Plaintiff demands judgment against Defendants for:

    a. lost pay from termination until reinstatement;

    b. punitive damages in the amount of $250,000;

    c. reasonable attorneys fees; and

    d. the costs of this prosecuting this action.

              Demand for Jury Trial

36. Pursuant the Ohio Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Lance B Johnson
Attorney for Plaintiff
Ohio Registration No. 0010790
1944 Epping Road
Gates Mills, Ohio 44040
Office: 440-423-1782
Fax: 440-378-4700
lbjatt@ameritech.net