IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEREK PEARSON, | ) | CASE NO:  1:06cv1974 |
| | ) | |
| Plaintiff, | ) | JUDGE OLIVER |
| | ) | MAGISTRATE JUDGE |
| -v- | ) | VECCHIARELLI |
| | ) | |
| UNIVERSITY HOSPITALS OF | ) | |
| CLEVELAND, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIVERSITY HOSPITAL HEALTH SERVICES, INC.'S OBJECTIONS
TO MAGISTRATE'S REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 72(b)(2), Defendant University Hospitals Health Services, Inc., ("UHHS") submits its Objections to the Magistrate's Report and Recommendation (hereinafter "Magistrate's Recommendation") and requests that this Court affirm the Magistrate's Recommended Decision, subject to the objections set forth herein.

I.      **INTRODUCTION**

The sole issue in UHHS's Motion for Summary Judgment was whether it violated the ADA by terminating the employment of Plaintiff Derek Pearson, who alleged he is an alcoholic, for continued unexcused absenteeism.  Although the Magistrate's overall recommendation to

grant summary judgment in favor of UHHS is correct, the Magistrate's Report and Recommendation is flawed in these respects:

1. Plaintiff has the burden to prove he was disabled, and a reasonable jury could not conclude that Plaintiff met his burden of proof because he admitted his asserted alcoholism did not substantially limit him any major life activity;

2. UHHS does not have to prove that attendance is an essential function of Plaintiff's job as a "business necessary" because this is an indirect evidence case not a direct evidence case. Therefore, the Magistrate's requirement that UHHS prove this element is contrary to law.

## II.   <u>STANDARD OF PROOF</u>

The ADA prohibits employers from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a); *Macy v. Hopkins Cnty. Sch. Bd. of Educ.,* 484 F.3d 357, 365 (6th Cir. 2007). To state a claim for disability discrimination in violation of the ADA, a plaintiff must plead (1) that he has a disability; (2) that he is otherwise qualified for the job; and (3) that the defendant either refused to make a reasonable accommodation for the claimed disability or made an adverse employment decision regarding the plaintiff solely because of his or her disability. *See Smith v. Ameritech,* 129 F.3d 857, 866 (6th Cir. 1997*)*; *Macy,* 484 F.3d at 363 (quoting *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1178 (6th Cir. 1996)).

This is a circumstantial evidence case and thereby subject to the familiar tri-partite *McDonnell Douglas/Burdine* burden shifting analysis. Under this analysis, plaintiff must first establish a *prima facie* case of discrimination by a preponderance of the evidence. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253 (1981); *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 548 (6th Cir. 1991). If the plaintiff can prove his *prima facie* case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment action. *Id.* Once the

employer articulates this reason, all presumptions drop from the case.  *Burdine,* 450 U.S. at 255; *Wilson v. Firestone Tire & Rubber Co.,* 932 F.2d 510, 514 (6th Cir. 1991).  The plaintiff must then establish by a preponderance of the evidence that the defendant's proffered reason for the employment action was a pretext for discrimination. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502 (1993); *Burdine,* 450 U.S. at 253.  <u>The ultimate burden of proving that the employer's actions were the result of intentional discrimination remains with the plaintiff at all times.</u>  *See Burdine,* 450 U.S. at 253; *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 141 (2000) ("liability depends on whether the protected trait…actually motivated the employer's decision") (emphasis added) (citations omitted).

## III. <u>UHHS's OBJECTIONS</u>

### 1. <u>OBJECTION NO. ONE:  The Magistrate's Recommendation Improperly Concluded that a Reasonable Jury Could Find That Plaintiff is Substantially Limited in a Major Life Function Under the ADA.</u>

UHHS objects to the Magistrate's recommendation that "[a] reasonable jury could conclude…that [Plaintiff's] alcoholism substantially limits some major life activities," *i.e.,* Plaintiff's ability to take care of himself.  (Magistrate's Recommendation at pg. 13).

The Magistrate's Recommendation is based upon her conclusion that Plaintiff has submitted evidence that he suffered from regularly-occurring periods of inebriation resulting in incapacity about 10% to 20% of the time.  However, Plaintiff testified that as of March 27, 2007, he <u>had not had a drink since **before** September 2005</u>.  (Plaintiff's Depo., pg. 138).  Plaintiff also testified that during his tenure with UHHS, from <u>2004 through January 2006, he was sober 90%</u> of the time, and admitted <u>he was sober from September 20, 2005 through the date of his deposition in March 27, 2007.</u>  (Plaintiff's Depo., pg. 135, 138, 163-65).

Plaintiff also testified that his drinking "never" affected his ability to do his job at University Hospital because he never went to work under the influence of alcohol and alcohol never caused him to miss work at UHHS.  (Plaintiff's Depo., pgs. 136-137).  Plaintiff's condition only affected him when he would drink.  (Plaintiff's Depo. pg. 137).

Plaintiff must overcome the permanency factor under 29 C.F.R. § 1630.2(j) to prove that the alcoholism substantially limits one or more major life activities.  Factors that should be considered in determining if he qualifies as substantially limited in these major life activities include: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.  29 C.F.R. § 1630.2(j).

Taking into consideration mitigating measures, *i.e.,* that Plaintiff became able to effectively control the effects of his alcoholism by attending Alcoholics Anonymous and Narcotics Anonymous meetings, Plaintiff's impairment does not a substantially limit a major life function.  (Plaintiff's Depo. pg. 138).  Even accepting that Plaintiff was restricted in his ability to take care of himself when he was drinking, this restriction was short-term in nature because Plaintiff became able to control his urge to drink, so his asserted alcoholism is not substantially limiting.  *See Swanson v. Univ. of Cincinnati,* 268 F.3d 307, 316 (6th Cir. 2001)**.**  The Supreme Court has held that "if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures -- both positive and negative -- must be taken into account when judging whether that person is 'substantially limited' in a major life activity." *Sutton v. United Air Lines,* 527 U.S. 471, at 482 (1999).  The Court also interpreted "substantially limits" to require that "a person be presently -- not potentially or hypothetically -- substantially limited in order to demonstrate a disability." *Id.*

4

Alcoholism is not a disability *per se* under the ADA.  *Burch v. Coca-Cola Co.,* 119 F.3d 305 (5th Cir. 1997).  The ADA requires an individualized inquiry to determine whether a particular plaintiff is disabled. *See id.* at 315.  The alcoholic plaintiff in *Burch* produced no evidence that his alcoholism affected him in any way qualitatively different from the effect of alcohol on an "overindulging social drinker." *See Burch,* 119 F.3d at 316.  Further, the court held that, although the plaintiff felt the inebriating effects of alcohol more frequently than a social drinker, this fact did not transform his problem into a permanent impairment.  *Id.*  Furthermore, the court refused to hold that the mere fact that plaintiff had undergone hospitalization for alcoholism necessarily gave rise to a disability, or a record of disability.  *See id.* at 317; *see also Savoy v. Borden's Milk Prods., LP*, 2006 U.S. Dist. LEXIS 73706, *11-*12 (W.D. La. October 10, 2006) (plaintiff's drinking problems did not substantially limit one or more of his major life activities because despite plaintiff's claims that he entered alcohol treatment three times, for approximately one week per treatment, over a more than seven year employment period, plaintiff maintained gainful employment for over twenty years and testified that his alcohol use affected him occasionally, but that he never missed work as a result of his drinking alcohol).[1]

The effects of alcohol are usually only temporary, and temporary injuries without permanent effects are not protected.  *See e.g., Goldsmith v. Jackson Mem'l Hosp. Pub. Health Trust,* 33 F. Supp. 2d 1336, 1342 (S.D. Fl. 1998) (Even though Plaintiff had a record of treatment of alcoholism and participated in Alcoholics Anonymous, the court held that plaintiff's alcoholism did not substantially limit a major life activity because plaintiff had the usual limitations caused by alcoholism, including limitation in performing manual tasks, socializing, driving, which did not amount to "substantial limitations" and plaintiff limitations were on temporary limitations attributable to alcohol consumption.)    The testimony demonstrates that

---

[1] Unreported cases are attached as Exhibit A.

Plaintiff's short periods of incapacity, <u>all of which predate September 2005</u>, were only a temporary effect of his asserted alcoholism, which he learned to control.

Similarly, "[w]hether an individual is a qualified individual with a disability is determined as of the time of the employment decision." *Cox v. True North Energy, LLC.,* 524 F. Supp. 2d 927, 944 (N.D. Ohio 2007) (citations omitted).  At the time of the termination decision, January of 2006, Plaintiff admitted that he had not been drinking, had not missed work because of his drinking, and had not had a drink since prior to September of 2005.  At the time of his termination, Plaintiff cannot prove that he was a "qualified individual with a disability."

Upon these facts, and contrary to the Magistrate's Recommendation, UHHS cited case law that is applicable to the facts here.  *See Roush v. Weastec, Inc.,* 96 F.3d 840, 6th Cir. 1996) (plaintiff's kidney condition was temporary and the possibility that it might recur did not make the condition permanent); *Ryan v. Grae & Ribicki,* 135 F.3d 867 (2d Cir. 1998) (plaintiff was colic only in summer months and went for periods of time without manifesting any symptoms of the condition).

2.     <u>**OBJECTION NO. TWO:  The Magistrate Incorrectly Held the UHHS Had to Prove that Attendance was a Business Necessity By Showing Undue Hardship from Irregular Absences.**</u>

The Magistrate incorrectly claims that UHHS failed to meet its burden of demonstrating that attendance is an essential function of Plaintiff's job by not proving that regular attendance is a business necessity.  (Magistrate's Recommendation at pg. 14) (citing *Monette,* 90 R.3d at 1193 n.8).  The citation referenced, however, provides the standard in ADA cases in which direct evidence is provided to prove discrimination under the ADA.  When an ADA plaintiff premises his claim upon direct evidence, the Court jettisons the familiar *McDonnell Douglas* burden-

shifting framework applicable in indirect-evidence cases (also called "circumstantial-evidence cases"), and analyzes the claim under the following framework:

> (1) The plaintiff bears the burden of establishing that he or she is disabled. (2) The plaintiff bears the burden of establishing that he or she is "otherwise qualified" for the position despite his or her disability: (a) without accommodation from the employer; (b) with an alleged "essential" job requirement eliminated; or (c) with a proposed reasonable accommodation. (3) The employer will bear the burden of proving that a challenged job criterion is essential, and therefore a <u>business necessity</u>, or that a proposed accommodation will impose an undue hardship upon the employer.

*Kleiber v. Honda of America Mfg., Inc.,* 485 F.3d 862, 2007 U.S. App. LEXIS 10326, *15 (6th Cir. May 3, 2007); *see also Kiphart v. Saturn Corp.,* 251 F.3d 573, 581 (6th Cir. 2001).

Because this is not a direct evidence case, and does not involve a request for accommodation of a disability, the *McDonnell Douglas* burden-shifting framework is applicable. *See supra.* As a result, UHHS had no burden to prove that Pearson's horrible attendance record was an "undue burden" – Pearson was not requesting that UHHS tolerate his unforeseeable repeated absences as a form of accommodation. Instead, under established Sixth Circuit precedent, Plaintiff's horrible record of unanticipated absences rendered him unqualified for the position and therefore unable to establish a prima facie claim of disability discrimination.

## IV. <u>CONCLUSION</u>

The Magistrate's Recommendation is correct in that it grants summary judgment in favor of UHHS on Plaintiff's ADA claim. However, because the Magistrate's Recommendation improperly relies on only a portion of the relevant evidence in concluding that a jury could reasonable determine that Plaintiff is "disabled" under the ADA, incorrectly shifts the burden of proof to UHHS to show that Plaintiff is not disabled, and adds an unnecessary element to UHHS's case, UHHS submits these objections. UHHS hereby requests that in ruling on the Magistrate's Recommendation, that this Court take into consideration these objections and set

forth the proper elements and burdens of proof in its final decision, and find multiple grounds for

why UHHS is entitled to Summary Judgment.

Respectfully submitted,

/s/ *Barton A. Bixenstine*
Barton A. Bixenstine
OGLETREE DEAKINS NASH SMOAK
     & STEWART P.C.
127 Public Square, 4130 Key Tower
Cleveland, OH  44114
Ph:  216.241.6100
Fax:  216.357.4733
Email:  bart.bixenstine@ogletreedeakins.com

Attorneys for Defendant
University Hospitals Health Services, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed with the Court's ECF filing system this the 7th day of April 2008 and a copy sent to all registered users.


*/s/ Barton A. Bixenstine*
Barton A. Bixenstine
OGLETREE DEAKINS NASH SMOAK
    & STEWART P.C.
127 Public Square, 4130 Key Tower
Cleveland, OH  44114
Ph:  216.241.6100
Fax:  216.357.4733
Email:  bart.bixenstine@ogletreedeakins.com

Attorneys for Defendant
University Hospitals Health Services, Inc.